[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 101)
The plaintiff, Joseph Firgeleski, filed a five-count complaint against the defendant, Hubbell, Inc. The plaintiff alleges that he was employed by the defendant since 1960, and that he was terminated from the defendant's employment in 1996 due to a lack of work and the elimination of the plaintiff's job position within the company. The plaintiff alleges in count one that before his termination, he was assured by the defendant and its agents that his job was secure, and that he relied upon the defendant's representations to his detriment. The plaintiff also alleges in count one that, contrary to the reasons given by the defendant for the plaintiff's termination, the plaintiff's job position was not eliminated within the company. The plaintiff further alleges that the acts of the defendant constitute a wrongful discharge from employment The plaintiff alleges in count two that the defendant's actions constitute a breach of the implied covenant of good faith and fair dealing. The plaintiff alleges in count three that the defendant's assurances that the plaintiff's job was secure constitute negligent CT Page 2312 misrepresentations. The plaintiff alleges in counts four and five that he has suffered severe emotional distress as a result of the wrongful discharge.
The defendant now seeks to strike each count of the complaint on the ground that each fails to state a claim upon which relief can be granted. Argument was heard by the court on December 7, 1998.
 A. Breach of an Implied Contract
The defendant argues that the plaintiff has not alleged the elements of an implied contract in count one. The defendant contends that the plaintiff's allegations that the defendant told him his job was secure indicate that the plaintiff was a terminable at will employee. The defendant also contends that there are no allegations in count one showing that the defendant had a contractual commitment with the plaintiff, and that the plaintiff has failed to allege the existence of any of the essential elements of a contract, express or implied. The plaintiff argues that based upon the representations made to him by the defendant concerning his job security, he was more than an at will employee and was subject to discharge only for cause.
All employer-employee relationships not governed by express contracts involve some type of implied contract of employment. There cannot be any serious dispute that there is a bargain of some kind; otherwise, the employee would not be working.Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 13, 662 A.2d 89 (1995). This court goes on to observe:
 "Typically, an implied contract of employment does not limit the terminability of an employee's employment but merely includes terms specifying wages, working hours, job responsibilities and the like. Thus, [a]s a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Id., 14 .
This general rule, however, can be modified by the agreement of the parties. Id., 15. To prevail on his wrongful termination claim, which alleged the existence of an implied agreement between the parties, the plaintiff must allege and prove that the defendant had agreed, either by words or action or conduct, to undertake some form of actual contract commitment to him under CT Page 2313 which he could not be terminated without just cause. Reynolds v.Chrysler First Commercial Corp. , 40 Conn. App. 725, 730,673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996).
This court concludes that the plaintiff has failed to sufficiently allege that something other than an at will employment agreement existed between the parties. The plaintiff has alleged nothing to indicate an express employment agreement existed. The plaintiff has only alleged that the defendant and its agents represented to him that his job was "secure," and that based upon his long service to the defendant, he believed that his job was secure. (Complaint, Count One ¶¶ 5, 8). The representation that the plaintiff's job was secure does not alter the fundamental at will nature of the parties' relationship, or transform it into an agreement by which the plaintiff could be discharged only for cause. Accordingly, the defendant's motion to strike count one of the plaintiff's complaint should be granted.
 B. Good Faith and Fair Dealing
The defendant argues that as an at will employee, the plaintiff must allege that his discharge violated an important public policy in order to sufficiently allege a cause of action for breach of the duty of good faith and fair dealing. The plaintiff contends that he was more than an at will employee. This court has already concluded, supra, that plaintiff was an at will employee.
Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. Gupta v. New Britain General Hospital, 239 Conn. 574,598, 687 A.2d 111 (1996). In the context of at will employment contracts, however, the reason for the discharge must involve an impropriety derived from some important public policy. Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 572, 479 A.2d 781
(1984).
The plaintiff has alleged in count one, and incorporated into count two, that contrary to the defendant's reason for discharging the plaintiff, the plaintiff's job responsibilities were not eliminated. (Complaint, Count One ¶ 11). The plaintiff has failed, however, to allege that his discharge violated an important public policy. Accordingly, this count, too, ought to be stricken in accord with defendant's motion. CT Page 2314
 C. Negligent Misrepresentation
The defendant argues that the plaintiff has failed to allege that the defendant made any statements to him concerning the circumstances under which he could be terminated. The plaintiff argues that the statements regarding his job security came from the defendant's agents, and therefore constitute misrepresentations made by the defendant.
One who, in the course of his [or her] business, profession or employment, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he [or she] fails to exercise reasonable care or competence in obtaining or communicating the information. Beverly Hills Concepts, Inc. v. Schatz Schatz,247 Conn. 48, 57, ___ A.2d ___ (1998).
The plaintiff has specifically pleaded that the defendant represented and assured the plaintiff that his job was secure, but that the defendant knew or should have known that these assurances were false when made, and that the plaintiff has been harmed by the misrepresentations. (Complaint, Count Three ¶¶ 14-16). The allegations in count three of the plaintiff's complaint sufficiently allege a cause of action for negligent misrepresentation. Accordingly, the defendant's motion to strike count three should be denied.
 D. Intentional Infliction of Emotional Distress
The defendant argues that in discharging the plaintiff, it did not act in an outrageous and extreme manner. The plaintiff argues that the reason he was given for his discharge was pretextual. The plaintiff contends that although he was told his job position was being eliminated, in fact his position was not eliminated after his discharge.
In order to prove a claim for intentional infliction of emotional distress, it must be shown, inter alia, that the defendant's conduct was the cause of the plaintiff's distress; and that the emotional distress sustained by the plaintiff was severe. Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to CT Page 2315 cause, and does cause, mental distress of a very serious kind.DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807
(1991).
The determination of whether the alleged conduct meets this criteria resides in the first instance with the court. LeFevre v.McDonald, Superior Court, JD Hartford/New Britain at Hartford,Docket No. 573396 (Jan. 16, 1969, Wagner, J.),(21 Conn. L Rptr. 331). Here the plaintiff's allegations are akin to a claim that he was terminated without just cause. However, such allegations do not rise to the level of "outrageous" actions. See, Jeffressv. Yale University, Superior Court, JD New Haven at New Haven,Docket No. 386866 (August 28, 1997) and Zamfino v. Pace MotorLines, Superior Court, JD Fairfield at Bridgeport, Docketno. 323111 (May 28, 1997, Melville, J.).
Furthermore, the plaintiff's complaint contains no allegations that the defendant's discharge of the plaintiff was extreme or outrageous or calculated to cause the plaintiff severe emotional distress. In addition, the plaintiff's allegation that the discharge has caused him severe emotional distress is nothing more than a legal conclusion which the court need not consider on a motion to strike. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). Accordingly, the defendant's motion to strike the fourth count of the plaintiff's complaint should also be granted.
 E. Negligent Infliction of Emotional Distress
The defendant argues that the plaintiff has failed to allege that it acted unreasonably when discharging the plaintiff, and therefore cannot sustain a cause of action for negligent infliction of emotional distress. The defendant also argues that the plaintiff has failed to plead facts indicating that the defendant should have realized that its conduct involved an unreasonable risk of causing the plaintiff emotional distress and that this emotional distress could cause the plaintiff bodily harm. The plaintiff argues that the pretextual reason given to the plaintiff for his discharge constitutes the wrongful action during the discharge necessary to sustain a claim for negligent infliction of emotional distress.
The court cannot agree with the plaintiff's position in this regard. CT Page 2316
 "[N]egligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp. , 243 Conn. 66, 88-89, 700 A.2d 655 (1997).
The plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. Id., 88. The plaintiff has failed to plead any facts indicating that the defendant's conduct in terminating him was unreasonable. In addition, the plaintiff's allegations that the allegedly wrongful discharge caused him severe emotional loss and distress are conclusory. Accordingly, the defendant's motion to strike the fifth count of the plaintiff's complaint should be granted.
 CONCLUSION
The defendant's motion to strike the first, second, fourth and fifth counts of the plaintiff's complaint are hereby GRANTED; the defendant's motion to strike the third count of the plaintiff's complaint is hereby DENIED.
MELVILLE, J